Nelson CARTAGENA–MERCED,
Petitioner–Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 14–13417
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

April 6, 2015.

Nelson Cartagena–Merced, Miami, FL, pro se.

Kathleen Mary Salyer, Wifredo A. Ferrer, U.S. Attorney's Office, Miami, FL, for Respondent–Appellee.

Before JULIE CARNES, JILL PRYOR and FAY, Circuit Judges.

PER CURIAM:

Nelson Cartagena–Merced, a federal prisoner proceeding *pro se*, appeals the district court's dismissal of his petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, which relied on the Supreme Court's recent decision in *Alleyne v. United States*, —— U.S. ——, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). On appeal, Mr. Cartagena–Merced disputes the district court's conclusion that he had not satisfied 28 U.S.C. § 2255(e)'s "savings clause" and therefore could not challenge the validity of his sentence under § 2241.

Specifically, he asserts that, contrary to the district court's decision, *Alleyne* represented a new rule of constitutional law that applies retroactively to cases on collateral review. For the reasons set forth below, we affirm.

## I.

Mr. Cartagena–Merced was convicted in 1998 of, among other charges, using a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1). Neither the indictment nor the jury's verdict specified the type of firearm used, but at sentencing the government introduced evidence that the firearm in question was a semiautomatic weapon. For this reason, the district court increased the statutory mandatory minimum sentence on the § 924(c)(1) violation from 5 to 10 years. Mr. Cartagena–Merced's convictions and sentences were upheld on direct appeal. *See United States v. Mojica–Baez*, 229 F.3d 292, 313 (1st Cir.2000). The following year, he filed a § 2255 motion to vacate in which he raised several claims of ineffective assistance of counsel. That motion was denied in 2004, and Mr. Cartagena–Merced did not appeal. In 2009, Mr. Cartagena–Merced filed his first § 2241 petition, raising new claims of ineffective assistance. The district court dismissed that petition, concluding it was, in substance, a successive § 2255 motion (which generally is not permitted) and was not otherwise properly filed under the savings clause of § 2255(e).

In 2013, the Supreme Court held that any aggravating fact that increases the penalty for a crime beyond the prescribed statutory minimum must be submitted to a jury and proved beyond a reasonable doubt. *Alleyne*, 133 S.Ct. at 2162–63. In other words, under *Alleyne* the fact that an individual used a *semiautomatic* weapon in relation to a crime of violence must be submitted to a jury and proved beyond a reasonable doubt. *See id.*; 18 U.S.C. § 924(c)(1)(B) (describing increased penalties for short-barreled rifles and shotguns, semiautomatic weapons, machine guns, and "destructive devices"). The following year, Mr. Cartagena–Merced filed the instant § 2241 petition in which he asserted that *Alleyne* provided a basis for his new petition and for relief. The district court dismissed the petition as successive. Mr. Cartagena–Merced now appeals.

## II.

Typically, a prisoner must assert any collateral attacks on the validity of his federal conviction or sentence via 28 U.S.C. § 2255. *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir.2003). Title 28 U.S.C. § 2241 generally is reserved for challenges to the execution, rather than validity, of a sentence. *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir.2008). Further, "if a federal prisoner ... has already been denied [§ 2255] relief," then a § 2241 petition that attacks the validity of a sentence "shall not be entertained" unless it "appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This exception to § 2255(e)'s bar on a § 2241 petition, which we refer to as the "savings clause," places the burden on the petitioner to establish that the remedy provided by § 2255 is "inadequate or ineffective...." *Id.* Because this savings clause is jurisdictional, a prisoner petitioning the district court under § 2241 must make this showing before the district court may take jurisdiction of the case. *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1337–40 (11th Cir.2013), *cert. denied*, —— U.S. ——, 135 S.Ct. 52, 190 L.Ed.2d 29 (2014).

We review *de novo* whether a prisoner may bring a § 2241 petition under § 2255(e)'s savings clause. *Bryant v. Warden, FCC Coleman–Medium,* 738 F.3d 1253, 1262 (11th Cir.2013). And we recognize that the statutory bar on second and successive § 2255 petitions, standing alone, cannot render § 2255's remedy inadequate or ineffective under the savings clause. *Gilbert v. United States,* 640 F.3d 1293, 1308 (11th Cir.2011) (*en banc*). Rather, a petitioner may employ the savings clause properly to file a § 2241 petition where he shows that (1) throughout his sentencing, direct appeal, and original § 2255 proceeding his claim squarely was foreclosed by binding circuit precedent; (2) his current claim is based on a Supreme Court decision that overturned that formerly binding precedent; (3) the Supreme Court's decision is retroactively applicable on collateral review; (4) as result of the new rule's application, his sentence exceeds the applicable statutory maximum penalties; and (5) the savings clause of § 2255 reaches the petitioner's claim. *See Bryant,* 738 F.3d at 1274.

### III.

We conclude the district court did not err in dismissing Mr. Cartagena–Merced's § 2241 petition. The claim he raises in his petition addresses the validity of his sentence, not its execution, and therefore falls within the scope of § 2255 rather than § 2241. *See Sawyer,* 326 F.3d at 1365. Because Mr. Cartagena–Merced previously had filed a § 2255 motion that was denied, he cannot merely circumvent the statutory restriction on successive § 2255 motions by filing a petition under § 2241. *See Gilbert,* 640 F.3d at 1308. To proceed under § 2241, then, Mr. Cartage-

na–Merced must show by meeting the elements set forth in *Bryant* that § 2255 was "inadequate or ineffective" to challenge the legality of his detention. 28 U.S.C. § 2255(e); *Bryant,* 738 F.3d at 1274. He has not done so here. Although he relies upon the Supreme Court's decision in *Alleyne* as a ground for relief, this Court previously has concluded *Alleyne* is not retroactively applicable on collateral review. *See Jeanty v. Warden, FCI–Miami,* 757 F.3d 1283, 1285 (11th Cir.2014). Thus, because *Jeanty* forecloses Mr. Cartagena–Merced's ability to meet the third element of *Bryant,* we find no reversible error in the district court's dismissal.[1]

**AFFIRMED.**

1. Because we conclude *Jeanty* forecloses Mr. Cartagena–Merced's petition, we do not address any of the government's alternative ar-

guments for affirming the judgment of the district court.